■ RUTH I. BURKE et al., Respondents, v. CITY OF NIAGARA· FALLS, Appellant.— Judgment and order reversed on the law and facts, without costs of this appeal to either party, and a new trial granted. Memorandum: The plaintiffs have recovered judgments based upon a jury verdict as the result of injuries received by plaintiff wife when she fell in an excavation made by the city. It appears that in the Spring of 1956 the defendant was engaged in resurfacing certain streets and installing new curbs and sidewalks in the city. The plaintiff wife while attempting to proceed over these sidewalks came to a point where further progress upon the sidewalk was blocked by a viaduct abutment extending to the curb line. This fact, however, is not revealed by her direct testimony and only inferentially by her entire testimony. The jury might have found that the city had excavated a trench on the north side of Ontario Street from Whirlpool Street to the viaduct. Plaintiff wife testified that she attempted to proceed from the northerly to the southerly side of this street. She frankly testified that she saw the trench, two feet wide and two and a half feet deep. She stepped therein and as she stepped out of the trench fell and received the claimed injuries. The appellant contends that plaintiff voluntarily placed herself in a place of danger by stepping in the trench and was contributorily negligent. At the same time the city in its brief recognizes that plaintiff wife further contends that under the circumstances she had no way of getting through to her destination except by passing through the trench. If plaintiff may recover it would appear to be upon this latter theory. The condition of the record, however, is such that it may not be intelligently reviewed. It is plain that barricades had been

placed at many different points on streets and sidewalks. Photographs received in evidence concededly did not depict the condition at the time of the accident. These pictures, however, were used by both counsel in questioning various witnesses. Typical of the unintelligibility of the present record are two portions of plaintiff's testimony. Thus, with a photograph before her, plaintiff said: "Well, I saw the barricade so I crossed at that tavern there and I come up to this side (indicating) and I could not come here (indicating), because it was all barricaded here (indicating) to about there (indicating)." And again "I had to come back down there (indicating). Then I seen that I couldn't go across that (indicating). I came back and crossed in front of the tavern and I came back this way (indicating) and I saw where there was a barricade here (indicating), so I crossed that way (indicating)." It is unnecessary to dwell upon the incomprehensibility of such testimony in the absence of further elaboration by the trial counsel or some marking by the witness. The duty rests upon both trial counsel and the trial Judge to make certain that a record is not saturated with this kind of testimony. (Cf. *Bradley* v. *City of Niagara Falls,* 6 A D 2d 769.) If plaintiffs are relying upon the theory that the wife was placed in a position of danger by a series of barricades so located that she could not extricate herself therefrom a record should be made that is understandable to an appellate court which is forced to make a decision upon the printed testimony. It is impossible to review the contentions of the parties upon the record before us. All concur. (Appeal from a judgment and order of Niagara Trial Term for plaintiffs in a negligence action The order denied a motion for a new trial.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.